IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ATA AIRLINES, INC., ) | Case No. 08-03675 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**SCHEDULES OF ASSETS AND LIABILITIES
FOR
ATA AIRLINES, INC.**

Haynes and Boone, LLP
Kenric D. Kattner (#11108400 - TX)
Blaine F. Bates (#24029979 - TX)
Doug H. Edwards (#24039307 - TX)
Kourtney Lyda (#24013330 - TX)
Jason Binford (#24045499 - TX)
1221 McKinney Street, Suite 2100
Houston, Texas  77010

Baker & Daniels, LLP
Terry E. Hall (#22041-49)
300 N. Meridian Street
Suite 2700
Indianapolis, Indiana 46204

Haynes and Boone, LLP
Lenard M. Parkins (#15518200 - TX)
Judith Elkin (#06522200 - TX)
153 East 53rd Street
Suite 4900
New York, New York  10022

Counsel for the Debtor and
Debtor in Possession

# GENERAL NOTES, STATEMENT OF LIMITATIONS AND DISCLAIMER[1]

The Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements," and collectively with the Schedules, the "Schedules and Statements") of ATA Airlines, Inc. ("ATA" or "Debtor") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtor with the assistance of its court-appointed advisors and are unaudited. While management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. These General Notes, Statement of Limitations and Disclaimer Regarding Debtor's Schedules and Statements (the "General Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

**Description of the Case and "As Of" Information Date**. On April 2, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code"). The case is being administered under case number 08-03675-BHL-11. The Debtor ceased business operations but continues to manage its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. All asset information, except where otherwise noted, is as of March 31, 2008. The liability information, except where otherwise noted, is as of April 2, 2008.

**Basis of Presentation.** These Schedules and Statements, except as indicated herein, reflect the assets and liabilities of ATA in its individual capacity. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").

**Amendment**. While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtor reserves all rights to amend and/or supplement its Schedules and Statements as is necessary and appropriate.

**Accuracy.** While efforts have been made to ensure the accuracy of these Schedules and Statements, given the substantial undertaking in gathering the data contained in the Schedules and Statements, inadvertent errors or omissions may have occurred. The Debtor does not make any representations or

---

[1] These notes are in addition to the specific notes contained in the Debtor's Schedules and Statements. The fact that the Debtor has prepared a General Note with respect to a particular Schedule (or Statement) and not to others does not reflect and should not be interpreted as a decision by the Debtor to exclude the applicability of such General Note to any or all of the Debtor's remaining Schedules (or Statements), as appropriate.

warranties as to the completeness or accuracy of the information set forth herein.

**Debtor's Rights.** With respect to any claim or obligation of the Debtor described in the Statements and Schedules, the Debtor may have rights to offset, rights to a refund, counterclaims, defenses or other rights, which have not been specifically described herein. These rights, by their nature, are generally unquantifiable and the Debtor has not attempted to describe or quantify these rights. The failure to delineate such rights should in no way be construed as a waiver of such rights by the Debtor.

**Summary of Significant Reporting Policies.** The Schedules and Statements were prepared by the Debtor pursuant to certain standard reporting policies as follows:

a. **Current Market Value.** It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtor to obtain current market valuations of all of its assets. Accordingly, unless otherwise indicated, net book values are reflected on the Debtor's Schedules and Statements. For this reason, amounts ultimately realized will vary from net book value and such variance may be material. In addition, the amounts shown for liabilities exclude items identified as "Unknown" or "Undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Interest expenses related to the acquisition of certain property and equipment are capitalized as an additional cost of the asset or as a leasehold improvement if the asset is leased.

b. **Estimates**. To close the books and records of the Debtor as of the Petition Date, management may have been required, in certain circumstances, to make estimates and assumptions that affect the reported amounts of assets and liabilities. The Schedules and Statements indicate when such estimates and assumptions have been made.

c. **Inventories.** Inventory values represent net book values. Costs are determined using average costing methods and are charged to operations as consumed. Additionally, all inventories and equipment are presented without consideration of any mechanics' liens.

d. **Leases.** The Debtor has not included in the Schedules and Statements any claim based on future obligations arising under any operating lease. To the extent that there is an amount past due under an operating lease as of the Petition Date, such claim has been included in the Schedules and Statements.

e. **Causes of Action.** While efforts have been made to identify all known potential causes of action, the Schedules and Statements may not include all potential causes of action against third parties. The Debtor reserves all of its rights with respect to any causes of action they may have against third parties. Neither these General Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

f. **Claims Description**. Any failure to designate a claim on the Schedules and Statements as disputed, contingent or unliquidated does not constitute an admission by the Debtor that such amount is not disputed, contingent or unliquidated. The Debtor reserves the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification. The Debtor further reserves the right to subsequently designate any claim as disputed, contingent or unliquidated.

    g.    **Payment of Claims.**  The Bankruptcy Court has entered certain orders authorizing the Debtor to pay certain pre-petition claims, including certain claims held by employees.  Consequently, although such obligations were outstanding as of the Petition Date, a number of such obligations may have been paid as of the date of the filing of these Schedules and Statements and are, therefore, not included.

    h.    **Excluded Assets and Liabilities.**  The Debtor has excluded the following categories of assets and liabilities from the statements and schedules: goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, future aircraft rent accruals, post retirement benefits, advanced ticket purchase liability and deferred gains.  Other immaterial assets and liabilities may also have been excluded.

    i.    **Foreign Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Insiders**.  Persons listed as "insiders" in the Schedules and Statements have been included for informational purposes only.  The Debtor does not take any position with respect to (a) such persons' influence over the control of the Debtor, (b) the management responsibilities or function of such individuals, (c) the decision-making or corporate authority of such individuals or (d) whether such individuals could successfully argue that they are not "insiders" under applicable law.

**Litigation.**  Some or all of the litigation claims included in the Schedules and Statements may be subject to subordination under Section 510 of the Bankruptcy Code.

Schedule D – Creditors Holding Secured Claims.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtor reserves its right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D.  Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim.  In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of an affiliate, and no claim set forth on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the General Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtor reserves the right to supplement and/or amend its Schedules and Statements to list such amounts on Schedule D or to argue that such transfers do not constitute a security deposit.  Certain of the Debtor's agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.

Schedule E – Creditors Holding Unsecured Priority Claims.  The listing of creditors on Schedule E is preliminary and is subject to reconciliation and, if necessary, amendment by the Debtor.  The Debtor reserves its right to dispute or challenge whether such creditors are entitled to priority claims.  The Schedules and Statements  do not list the amount of certain employee claims on Schedule E owed as of the Petition Date as these amounts were subsequently paid pursuant to first day orders entered by the Bankruptcy Court.

Schedule F – Creditors Holding Unsecured Non-priority Claims.  On Schedule F, the Debtor has listed amounts payable to general unsecured creditors as of April 2, 2008 (the "Petition Date").  In an attempt to obtain the most accurate and reliable information by allowing adequate time for all pertinent information to be received and reflected in the Debtor's books and records, the Debtor searched its records as of May 9, 2008 to determine its unpaid, unsecured obligations as of the Petition Date.  Schedule F also contains information regarding potential, pending and closed litigation involving the Debtor.   Although the Debtor's books and records reflect amounts for deferred charges or deferred liabilities as required by GAAP, Schedule F does not list such amounts as deferred charges or deferred liabilities.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates prepetition.  A determination of the date when each claim was incurred or arose would be unduly burdensome and cost prohibitive, and thus, no such determination has been made.  Schedule F does not include certain general accruals for liabilities carried on the Debtor's books and records as of the Petition Date.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule G – Executory Contracts.  While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtor hereby reserve all of its rights to

dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements which may not be listed therein.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

In some cases the same supplier or provider appears multiple times in Schedule G.  This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G. Schedule G does not include purchase orders used in the normal course of operations.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The Debtor reserve all of its rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any inter-company agreement) related to a creditor's claim.  Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

<u>Statements – Question 8 Losses</u>.  The losses listed exclude those incurred in the ordinary course of business where the amount is de minimus, where repairs were not made, or where the repairs were made by the Debtor.

<u>Statements – Question 9 Payments Related to Debt Counseling or Bankruptcy</u>.  On October 26, 2004, ATA, together with its former parent, ATA Holdings Corp., and certain other affiliated entities, filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana.  These cases were administratively consolidated under case number 04-19866 (the "<u>First Bankruptcy Case</u>").  ATA and certain affiliates emerged from bankruptcy protection on February 28, 2006.  Payments Relating to Debt Counseling or Bankruptcy related to the First Bankruptcy Case are not set forth in response to Question 9.

<u>Statements – Question 14 Property Held for Another</u>.  The listing for Question 14 does not include property borrowed.  Items under lease within the ordinary course of business are included in Schedule G in the Schedules of Assets and Liabilities.

<u>Statements – Question 17 Environmental Information</u>.  The Debtor has been in existence for many decades, and has operated in many locations.  At some such locations, the Debtor no longer has any operations, and may no longer have relevant records or the records may no longer be complete or reasonably accessible and reviewable.  Some individuals who once possessed responsive information may no longer be employed by the Debtor.  For all these reasons, notwithstanding that

the Debtor has made diligent inquiry into its books and records in order to respond to Question 17, it is possible that information responsive to Question 17 may not be listed in the Statements and Schedules. Should new and relevant information become known to the Debtor, the Debtor will, consistent with applicable law, supplement and/or amend its Statements as appropriate.