IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>ATA AIRLINES, INC.<br><br>Debtor | Chapter 11<br>Case No.: 08-03675-BHL-11 |

**MOTION OF WILMINGTON TRUST COMPANY FOR**
**RELIEF FROM THE AUTOMATIC STAY TO ALLOW SETOFF**

Wilmington Trust Company ("Wilmington Trust"), not it its individual capacity, but solely in its capacity as loan trustee, indenture trustee, and as subordination agent with regard to the 1996-1 series of ATA EETC's by its undersigned counsel, hereby moves, pursuant to 11 U.S.C. §§ 362 and 553, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule B-4001-1, for entry of an order granting Wilmington Trust relief from the automatic stay to setoff amounts owed to it by ATA Airlines, Inc. (the "Debtor") and to otherwise exercise its remedies and enforce its liens (the "Motion"). In support of this Motion, Wilmington Trust respectfully states as follows:

**FACTUAL BACKGROUND**

1.      On April 2, 2008 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "Bankruptcy Court"), Case No. 08-03675-BHL-11.

2.      Prior to the Petition Date, the Debtor financed the acquisition or lease of airframes, aircraft engines and related parts through a number of transactions involving Enhanced Equipment Trust Certificate ("EETC") programs pursuant to various transactional

documents in which Wilmington Trust acted as trustee, indenture trustee, and subordination agent (the "WTC Documents"). [1]

3.  Also prior to the Petition Date, Wilmington Trust entered into a forbearance agreement dated as of February 28, 2006 among Wilmington Trust, as indenture trustee, Wells Fargo Bank Northwest, N.A., as owner trustee, and V10A Investors LLC as owner participant (the "Forbearance Agreement").

4.  The WTC Documents include but are not limited to, a trust indenture, forbearance agreement, trust agreements, mortgage, including assignment of lease, lease (the "Lease")[2] and security and account control agreement (the "Security Agreement"), with respect to the aircraft bearing U.S. Registration Nos. N517AT, including two (2) Rolls Royce Model RB211-535E4 engines bearing, respectively, manufacturer's serial numbers 31448 and 31446 (collectively, the "Aircraft").

5.  Wilmington Trust, not it its individual capacity, but solely in its capacity as loan trustee, indenture trustee, subordination agent, and party who was assigned right, title and interest in and to the Lease by Wells Fargo Bank Northwest, N.A., as lessor under the various WTC Documents, has an interest in the Aircraft and a duly perfected security interest in and to that certain maintenance reserve account and related sub-accounts established and maintained pursuant to the various WTC Documents, including but not limited to, the Lease (collectively, the "Maintenance Reserve Account"). As of the date hereof, the Maintenance Reserve Account has a balance of $1,692,951.23.

---

[1] The WTC Documents contain confidential and proprietary information and are thus not being submitted with the Motion. However, to the extent required by the Debtor, who is in possession of such documents, or the Court, Wilmington Trust shall submit such documents under seal or after securing similar protections for same.

[2] Lease is the Lease Agreement [ATA 1996 (517AT)] dated as of February 28, 2006 between Wells Fargo Bank Northwest, National Association, not in its individual capacity, except as expressly provided therein, but solely as Owner Trustee and as Lessor and ATA Airlines, Inc. as Lessee.

6. Pursuant the Lease, the Maintenance Reserve Account was established to provide a fund, during the life of the Lease and absent the existence of a default, for the cost of routine maintenance of the Aircraft, including but not limited to, Heavy Checks and engine performance restoration, and upon default, use of the fund as provided in the WTC documents.

7. The WTC Documents, including but not limited to, the Security and Account Control Agreement, grants Wilmington Trust a security interest in and exclusive control of disposition of the funds in the Maintenance Reserve Account in the event of default of the Lease. The Maintenance Reserve Account is in the possession of Wilmington Trust.

8. On April 3, 2008, the Debtor filed its First Day Motion to Reject Unexpired Lease with Aircraft and Spare Engine Lessors (the "Aircraft Rejection Motion"). Pursuant to the Aircraft Rejection Motion, the Debtor sought authority, on an expedited basis, to reject the Lease of the Aircraft, *nunc pro tunc* to the Petition Date.

9. On April 8, 2008, after certain agreed modifications, the Bankruptcy Court entered an order (the "Order") approving the Aircraft Rejection Motion.

10. The Debtor failed to make the basic rent payment of $225,000 due under the Lease on April 1, 2008 and failed to make monthly maintenance reserve payments of $53,523.68 due under the Lease for March 1, 2008 and $46,096.11 due under the Lease for April 1, 2008. The failure to make these payments constituted an event of default under the Lease, which entitled Wilmington Trust to exercise remedies under the Lease. Further, the event of default under the Lease, along with the filing of the bankruptcy petition, constitutes a breach and default under the Forbearance Agreement.[3]

---

[3] Furthermore, an indenture event of default under the A Trust Agreement and the B Trust Agreement occurred during the Debtor's first bankruptcy filing and is continuing to date.

11. Wilmington Trust has incurred and will continue to incur damages and expenses as a result of the Debtor's rejection and default under the Lease and default under the Forbearance Agreement, including but not limited to, lease rejection damages, trustee's fees, legal fees, and costs associated with accepting return of the Aircraft and subsequent remarketing thereof. These damages far exceed amounts held in the Maintenance Reserve Account.

12. As a result of the Debtor's rejection of and default under the Lease and default under the Forbearance Agreement, Wilmington Trust is entitled to exercise certain rights and remedies with respect to the Maintenance Reserve Account as provided under Lease and related WTC Documents.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

14. The statutory predicates for the relief requested herein are sections 362 and 553 of the Bankruptcy Code and Bankruptcy Rule 4001.

## RELIEF REQUESTED

15. Wilmington Trust respectfully requests that this Court enter of an order granting Wilmington Trust relief from the automatic stay to (i) effectuate a setoff of claims it has against, and (ii) exercise its rights and remedies, including enforcing its lien on, the funds held by Wilmington Trust in the Maintenance Reserve Account.

NYC/384398.2         4

**AUTHORITY**

**I.   Wilmington Trust is Entitled to Setoff Pursuant to Section 553(a) of the Bankruptcy Code**

16.   Pursuant to the foregoing facts, Wilmington Trust is entitled to setoff the claims that have arisen as a result of the Debtor's default under and rejection of the Lease against amounts held by Wilmington Trust in the Maintenance Reserve Account.

17.   Setoff is a right which allows parties to "net out" their mutual obligations. Setoff thus avoid "'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). Although the Bankruptcy Code does not create setoff rights, section 553 preserves creditors' setoff rights that arise under state (and other non-bankruptcy) law and permits setoffs to be effectuated in bankruptcy. *Strumpf*, 516 U.S. at 18-19. Thus, section 553 "permit[s] a creditor to offset, on a dollar-for-dollar basis, a debt it owes to the bankruptcy party against a pre-commencement debt that the bankruptcy owed to the creditor." *United States v. Maxwell*, 157 F.3d 1099, 1100 (7th Cir. 1998); *Meyer Med. Physicians Group, Ltd. v. Health Care Serv. Corp.*, 385 F.3d 1039, 1041 (7th Cir. 2004).

18.   Generally, section 553 has been held to preserve a right of setoff when four elements are found: (a) the creditor holds a "claim" against the debtor that arose before the commencement of the case; (b) the creditor owes a "debt" to the debtor that arose before the commencement of the case; (c) the claim and the debt are "mutual"; and (d) the claim and debt are each valid and enforceable. *See 5 Lawrence P. King, Collier on Bankruptcy* ¶ 553.01[2] (15th ed. rev.); *See also In re Johnson*, 215 B.R. 381, 385 (Bankr. N.D. Ill. 1997) (noting that a creditor holding a debtor's money as collateral to ensure future payment is generally entitled to setoff).

19.     Here, the choice of law provisions in the Lease and Security Agreement require application of New York law.  New York common law has long recognized a creditor's rights to setoff mutual obligations.  *Beecher v. Petier A. Vogt Mfg.*, 227 N.Y. 468, 473, 125 N.E. 831 (1920); *Straus v. Tradesmen's Nat'l Bank*, 122 N.Y. 379, 25 N.E. 372, 372 (1980).  New York law also provides a statutory right of setoff.  N.Y. Debt. & Cred. Law § 151 (McKinney 1997).

20.     Under New York law, to offset debts, they must be mutual.  *Beecher* at 473.  New York law provides that debts are mutual when they are due to and from the same persons in the same capacity.  *Id*.  Under N.Y. Debt. & Cred. Law § 151, a creditor who is owed money from a debtor-in-possession under title 11 has the right to offset against any indebtedness of the chapter 11 debtor to the creditor, any mutual debt owing the creditor to the chapter 11 debtor. N.Y. Debt. & Cred. Law § 151 (McKinney 1997); *see also*, *In re Westchester Structures, Inc.* (*In re Westchester Structures, Inc. v. Hellman Electric Corporation)*, 181 B.R. 730, 741 (Bankr. S.D.N.Y. 1995).

21.     Under the WTC Documents, prior to its rejection of the Lease, and thus prior to the Petition Date, the Debtor held an interest in, and thus a claim to, the Maintenance Reserve Account.

22.     Wilmington Trust holds a claim against the Debtor arising, *inter alia*, from the Debtor's rejection of the Lease.  11 U.S.C. § 365(g).  This claim is considered a claim arising prior to the Petition Date.  *See N.L.R.B. v. Bildisco and Bildisco*,  465 U.S. 513, 545, 104 S.Ct. 1188, 1206 (1984); *In re Health Management Ltd. Partnership*, 332 B.R. 360, 363 (Bankr. C.D. Ill. 2005); *In re FP Label Co., Inc.*, 2004 WL 2581122, at *2 (Bankr. C.D. Ill. August 25, 2004).

23.     Setoff under Bankruptcy Code section 553(a) and New York law requires that the debts in question be mutual.  *See* 11 U.S.C. § 553(a).  Mutuality under section 553 has been held

to require that the debts be owed between the same parties acting in the same capacity but not necessarily that the debts be of the same character. *In re A & B Homes, Ltd. (A & B Homes, Ltd. V. Sovran Bank, N.A.)*, 98 B.R. 243, 248 (Bankr. E.D. Va. 1989) ("Mutuality of obligation simply means that the creditor is indebted to the debtor who likewise owes a debt to the creditor, i.e. something must be owed by both sides."). Mutuality has been found under New York "when the debts and credits are in the same right and are between the same parties, standing in the same capacity." *Westchester Structures*, 181 B.R. at 739.

24. There is no doubt that the debts owed by the Debtor and Wilmington Trust are mutual obligations. Both parties' claims arise under the WTC Documents and are asserted in their respective capacities there under.

25. In addition, the right of setoff may arise contractually. *See In re Junio (Junio v. Astoria Federal Savings)*, 2002 WL 32001412, at *2 (E.D.N.Y. Feb. 25, 2002). Here, Wilmington Trust has both a contractual right of setoff and one recognized by state law. The WTC Documents expressly grant Wilmington Trust the right to setoff from funds held in the Maintenance Reserve Account in the event of default under the Lease. Accordingly, the fourth and final element of setoff under section 553 has been met by Wilmington Trust.

II. **Relief from the Automatic Stay Should be Granted to Permit Wilmington Trust to Exercise its Valid Setoff Rights and Enforce its Liens**

26. Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtor's voluntary petition operates as an automatic stay against the "setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). The automatic stay, however, does not defeat the right of setoff under the Bankruptcy Code. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. at 16. "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a)

provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy. *Id.* Thus, section 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." H.R. Rep. No. 595, 95th Cong., 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 (1978).

27. Relief from the automatic stay is warranted pursuant to section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) of the Bankruptcy Code provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
> (1) for cause . . . .

11 U.S.C. § 362. "Courts have generally concluded that the existence of mutual obligations subject to setoff constitutes sufficient 'cause' to meet the creditor's initial evidentiary burden in seeking relief from the automatic stay. *In re Nuclear Imaging Sys, Inc.*, 260 B.R. 724, 730 (Bankr. P.A. 2000) (*citing In re Orlinski*, 140 B.R. 600, 602 (Bank. S.D. Ga. 1991)(holding that by establishing its right of setoff, the creditor established a *prima facie* showing of "cause" for relief from stay under 11 U.S.C. § 362(d)(1)); *In re Firestone*, 179 B.R. 148 (Bankr. D. Neb. 1995) ("[a] right of setoff under 553 establishes a *prima facie* case of cause to lift the automatic stay").

28. Moreover, once the Debtor defaulted under the Lease, the Maintenance Reserve Fund became the equivalent of a security deposit, and as such, Wilmington Trust is entitled to setoff the amounts owed to it against the Maintenance Reserve Fund. *See In re Johnson*, 215 B.R. 381, 385 (Bankr. N.D. Ill. 1997) (holding that "[i]n general, a creditor holding a debtor's security deposit as collateral to insure future payment is entitled to setoff, and thus is a secured

creditor to the extent of the security deposit"); *In re Communicall Cent., Inc.*, 106 B.R. 540, 546 (Bankr. N.D. Ill. 1989) (holding same).

29. Wilmington Trust has established each element entitling it to setoff under section 553 of the Bankruptcy Code and is therefore entitled under the foregoing authority, to relief from the automatic stay to effectuate this setoff under section 362(d)(1) of the Bankruptcy Code..

30. Further, Wilmington Trust, as a secured creditor, is entitled to relief from the automatic stay under section 362(d)(2). Indeed, Wilmington Trust is a secured creditor in two capacities. First, creditors with rights of setoff are considered secured creditors in bankruptcy. 11 U.S.C. § 506(a). Section 506(a) states, "[a]n allowed claim of a creditor . . . subject to setoff under Section 553 of this title, is a secured claim to the extent of . . . the amount subject to setoff." 11 U.S.C. § 506(a). Second, pursuant to the WTC Documents, Wilmington Trust has a valid and perfected security interest in the Maintenance Reserve Account.

31. Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay with respect to particular property if (i) the debtor does not have any equity in the property and (ii) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Thus, a secured creditor is entitled to relief from the automatic stay if the debtor does not have any equity in the secured creditor's collateral and the collateral is not necessary for an effective reorganization.

32. A debtor does not have equity in property if the aggregate amount of the claims secured by the property is greater than the property's value. *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 206 (3rd Cir. 1995). Here, the Debtor has no equity in the Maintenance Reserve Fund. The total in the Maintenance Reserve Account is $1,692,951.23, while Wilmington Trust's

claims, which are secured by the Maintenance Reserve Account, far exceed this amount. Thus, no equity exists.

33.     Further, the Debtor cannot meet is burden of proving that the property is necessary to an effective reorganization because the Bankruptcy Code prohibits the Debtor's use of the money in the Maintenance Reserve Account for at least three independent reasons. First, to the extent the Debtor alleges a right to the funds in the Maintenance Reserve Account, Wilmington Trust, as stated above, has a fully offsetting claim against the Debtor for damages resulting in the default and rejection of the Lease. Thus, the Debtor is not entitled to the funds in the Maintenance Reserve Account. Second, to the extent the Debtor alleges a right to the funds, any attempt to require disbursement would constitute an impermissible financial accommodation under section 365(c)(2). As a result, the Debtor is prohibited from using the funds in the Maintenance Reserve Account. Third, to the extent the Debtor has any interest in the funds in the Maintenance Reserve Account, such funds constitute "cash collateral" under sections 361 and 363 of the Bankruptcy Code. Because the Debtor cannot adequately protect Wilmington Trust's interest in the funds in the Maintenance Reserve Account, the Debtor is expressly prohibited from using such funds. Therefore, in addition to its setoff rights, Wilmington Trust, as a secured creditor, should be allowed to exercise its remedies and enforce its liens.

34.     Lastly, courts have broad discretion to lift the stay on a case-by-case basis. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). In looking at whether to lift the stay, the court should "balance the potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if the relief is denied." *Id*. Here, balancing the equities means lifting the stay for Wilmington Trust as granting this Motion will not prejudice the Debtor or its estate because there would be

NYC/384398.2                              10

no harm whatsoever in lifting the stay to allow setoff and to allow Wilmington Trust as a secured creditor to exercise its remedial rights to enforce its liens.

### III. Wilmington Trust Should be Allowed to Recoup All Amounts Owed to It under the Lease

35. Even if this Court were to conclude that setoff is not appropriate, the recoupment doctrine provides a separate and independent basis upon which to grant relief because Wilmington Trust's and the Debtor's obligations arise out of the same transaction.

36. The common law doctrine of recoupment, like setoff, allows "a creditor that owes a debt to the debtor to reduce the amount of its debt by the amount of a debt owed by the debtor to the creditor. *Anes v. Dehart (In re Anes)*, 195 F.3d 177, 182 (3rd Cir. 1999). Recoupment is "the setting up of a demand *arising from the same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." *In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir. 1992), *superseded by statute on other grounds*, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 105 Stat. 80 (citations omitted). A debtor has no interest in the funds that a party is entitled to recoup; thus, the debtor's estate acquires property subject to the right of recoupment and a party's right to exercise recoupment rights is not subject to the automatic stay. *Id*. at 1079-1080.

37. "In the context of bankruptcy, recoupment has most often been applied when the creditor's claim against the debtor and the debtor's claim against the creditor arise from the same contract." *In re McWilliams*, 2008 WL 877626, at *2 (Bankr. D. N.J. April 2, 2008) *citing Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984). "Because recoupment does not involve separate mutual debts, it is an exception to the automatic stay." *Id*. Further, the primary difference between recoupment and setoff is that, so long as respective debts arise out of the same transaction, recoupment applies regardless of whether some debts arise pre-petition and others arise post-

NYC/384398.2     11

petition. *See Steinberg v. Ill. Dept. of Mental Health and Devel. Disabilities* (*In re Klingberg Schs.*), 68 B.R. 173, 178-79 (.N.D. Ill. 1986), *aff'd*, 837 F.2d 763 (7th Cir. 1988).

38.  Here, all obligations owed between the Debtor and Wilmington Trust arise under the Lease and thus constitute the same transaction. Accordingly, recoupment provides an additional basis for Wilmington Trust to offset its claims against the funds held in the Maintenance Reserve Account.

WHEREFORE, Wilmington Trust respectfully requests this Court enter an Order granting Wilmington Trust relief from the automatic stay to allow setoff of mutual obligations set forth herein, to otherwise enforce its remedial rights, and granting such further relief as is appropriate.

Dated: June 10, 2008

Respectfully submitted,

/s/ *James E. Carlberg*
James E. Carlberg (3117-49)
BOSE MCKINNEY & EVANS LLP
2700 M&I Plaza
135 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 684-5000 / (317) 684-5173 (Fax)

Andrew I. Silfen
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900 / (212) 484-3990 (Fax)

Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue
Washington, DC 20036
(202) 857-6000 / (202) 857-6395

NYC/384398.2                    12

Brett H. Miller
Todd M. Goren
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 336-4325 / (212) 468-7900 (Fax)

*Counsel for Wilmington Trust Company,
as Loan Trustee, Indenture Trustee and Subordination Agent*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel and parties of record electronically through the Clerk's ECF system or by first class United States Mail, postage prepaid, on the 10th day of June, 2008:

Jon B. Abels
jabels@dannpecar.com
dbaker@dannpecar.com
ccanny@dannpecar.com
ecf@dannpecar.com

Jonathan E. Aberman
jaberman@vedderprice.com

Ann E Acker
acker@chapman.com

Adam M Adler
adam.adler@bgllp.com

Jonathan B Alter
jonathan.alter@bingham.com

J Gordon Arkin
jarkin@foley.com

Jon Yard Arnason
jarnason@klestadt.com

Kathy Bailey
jcaceres@baileylawgroup.com

Richard S. Lauter
rlauter@freebornpeters.com
bkdocketing@freebornpeters.com

Elliott D. Levin
edl@rubin-levin.net

Richard B Levin
rlevin@cravath.com

Paul J Lukas
lukas@nka.com

Kourtney P Lyda
Kourtney.Lyda@haynesboone.com

Kathrine Aycock McLendon
kmclendon@stblaw.com

Ronald J. Moore
Ronald.Moore@usdoj.gov

Ronald J Moore6
catherine.henderson@usdoj.gov
ronald.moore@usdoj.gov

Elizabeth Banda
arlbank@pbfcm.com

Blaine F. Bates
blaine.bates@haynesboone.com

John E. Bator
jbator@batorlaw.com
sbator@batorlaw.com

David J. Bayt
dbayt@katzkorin.com
hmaclaughlin@katzkorin.com

James H Billingsley
james.billingsley@klgates.com

Jason Binford
Jason.Binford@haynesboone.com

Benjamin R Bingham
ben@binghamandlea.com

Timothy L. Black
USDCSDECFBK@feiwellhannoy.com
tblack@feiwellhannoy.com
astephen@feiwellhannoy.com

Timothy L. Black4
USDCSDECFBK@feiwellhannoy.com

Jason R Burke
jburke@hopperblackwell.com
kellis@hopperblackwell.com

Malani J Cademartori
mcademartori@sheppardmullin.com

Edward R Cardoza
ecardoza@rubin-levin.net

James E. Carlberg
jcarlberg@boselaw.com

James S. Carr
KDWBankruptcyDepartment@kelleydrye.com

Whitney L Mosby
wmosby@binghammchale.com
nhill@binghammchale.com

C Daniel Motsinger
cmotsinger@kdlegal.com
cmotsinger@kdlegal.com

Jason A Nagi
Jason.Nagi@haynesboone.com

Donald H Nichols
nichols@nka.com

Mark E Palmer
mark.palmer@bgllp.com

Carmen R Parcelli
cparcelli@geclaw.com

Lenard M Parkins
Lenard.Parkins@haynesboone.com

William Walt Pettit
walt@kellampettit.com

Deborah J Piazza
dpiazza@hodgsonruss.com

Norman A Quandt
nquandt@fordharrison.com

Jack A Raisner
Jar@outtengolden.com

John M. Rogers
johnr@rubin-levin.net
susan@rubin-levin.net

Robert Ralph Ross
rrross@fedex.com

James E Rossow
jim@rubin-levin.net
susan@rubin-levin.net

John R. Carr
jrciii@acs-law.com
sfinnerty@acs-law.com

Arthur T Carter
Arthur.Carter@haynesboone.com

Deborah Caruso
dcaruso@daleeke.com
lharves@daleeke.com

Ben T. Caughey
ben.caughey@icemiller.com

Jeffrey A Chadwick
Jeffrey.Chadwick@kattenlaw.com

Courtney E Chilcote
cec@hostetler-kowalik.com
dml@hostetler-kowalik.com

Thomas N Ciantra
tcintra@cwsny.com

Mark D Conzelmann
Mark.Conzelmann@kattenlaw.com

Michael G. Cruse
mcruse@wnj.com
hziegler@wnj.com

Peter D DeChiara
pdechiara@cwsny.com

Frederick W. Dennerline
fdennerline@fdgtlaborlaw.com
mdarby@fdgtlaborlaw.com

John P Dillman
houston_bankruptcy@publicans.com

Paul G Durdaller
pdurdaller@sgrlaw.com

Doug H. Edwards
doug.edwards@haynesboone.com

Rene S. Roupinian
Rroupinian@outtengolden.com

Mark A Salzberg
msalzberg@foley.com

Thomas C Scherer
tscherer@binghammchale.com
nhill@binghammchale.com

Angela C Serranzana
aserranzana@geclaw.com

Grant F Shipley
gfs@gshipley.com
ecf@gshipley.com

Carren B. Shulman
cshulman@sheppardmullin.com

Andrew I. Silfen
silfen.andrew@arentfox.com

Stanley J Silverstone
SSilverstone@ssmplaw.com

Brian Sirower
bsirower@quarles.com
cguastel@quarles.com

Stephen C. Stapleton
sstapleton@cowlesthompson.com

LaChelle D Stepp
lstepp@mail.com
lastepp@yahoo.com

Richard J. Swanson
rswanson@maceylaw.com
mdicken@maceylaw.com
twhitton@maceylaw.com

Esther Elizabeth Tryba Telser
etrybantelser@cityofchicago.org

Henry A. Efroymson
henry.efroymson@icemiller.com
jackie.bolechala@icemiller.com

Judith Elkin
Judith.Elkin@haynesboone.com

Henry Flores
Henry.Flores@haynesboone.com

Steven Fuhrman
sfuhrman@stblaw.com

Christopher J Giaimo
giaimo.christopher@arentfox.com

Stephen H Gross
sgross@hodgsonruss.com

Brian P Hall
bhall@sgrlaw.com

Douglas W Hall
dhall@fordharrison.com

Terry E. Hall
terry.hall@bakerd.com
sarah.laughlin@bakerd.com

E Brooks Hamilton
Brooks.Hamilton@haynesboone.com

Andrea H. Handel
andrea.handel@usdoj.gov

Douglas J. Hannoy
dhannoy@feiwellhannoy.com

Brian Thomas Harvey
bkgroup@buchalter.com

Scott L Hazan
shazan@oshr.com

Matthew C Helland
Helland@nka.com

Jeanette L. Thomas
jthomas@perkinscoie.com

Franklin H Top
top@chapman.com

Robert Trust
rtrust@cravath.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Oriana Vigliotti
ovigliotti@cwsny.com

Joseph J Vitale
jvitale@cwsny.com

David Weitman
david.weitman@klgates.com

Elizabeth Weller
dallas.bankruptcy@publicans.com

Jenette A. Barrow-Bosshart
Otterbourg, Steindler, Houston & Rosen
230 Park Avenue
New York, NY 10169

Expedia, Inc.
c/o Michael J. Gearin
K&L Gates
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

Nicholas P. Granath
Seham, Seham, Meltz & Petersen, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405

Beth E Hansen
Goodrich Corporation
4 Coliseum Center
2730 W. Tyvola Road
Charlotte, NC 28217-4578

Michael W. Hile
mhile@katzkorin.com
hmaclaughlin@katzkorin.com

Jeffrey A. Hokanson
jeff.hokanson@hostetler-kowalik.com
dml@hostetler-kowalik.com
hkecfbackup@yahoo.com

Edward B. Hopper
ehopper@ebhopper-legal.com
rsmith@ebhopper-legal.com

George W. Hopper
ghopper@hopperblackwell.com
mroth@hopperblackwell.com
ghopper@hopperblackwell.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov
USAINS.ECFBankruptcy@usdoj.gov

Paula K. Jacobi
Pkjacobi@sff-law.com
ccoleman@sff-law.com
khewitt@sff-law.com
jmiera@sff-law.com

Christine K. Jacobson
cjacobson@woodmclaw.com
adecker@woodmclaw.com

Kenric D. Kattner
kattnerk@haynesboone.com
lydak@haynesboone.com
johnsonj@haynesboone.com
floresh@haynesboone.com

Mugdha S. Kelkar
mkelkar@lrmlaw.com

David H Kleiman
dkleiman@dannpecar.com
jsnell@dannpecar.com
ccanny@dannpecar.com
ecf@dannpecar.com

Steven J. Heim
Dorsey & Whitney LLP
50 South Sixth Street, Ste 1500
Minneapolis, MN 55402

Thomas R. Hostetler
412 S. Whitlock Street
Bremen, IN 46506

Hotwire, Inc.
c/o Michael J. Gearin
K&L Gates
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

Oracel USA, Inc
Buchalter Nemer
c/o Shawn M. Christianson
333 Market St., 25th Floor
San Francisco, CA 94105

Milton H. Pachter
225 Park Avenue South - 13th Flr
New York, NY 10003

Recovery Management Systems Corporation
25 S.E. Second Avenue
Suite 1120
Miami, FL 33131-1605

Steven B Soll
Otterburg, Steindler, Houston & Rosen PC
230 Park Avenue
New York, NY 10169

Travelscape, LLC
c/o Michael J. Gearin
K&L Gates
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

| | |
|---|---|
| Anne L. Knight<br>aknight@stblaw.com | Kwanyu Helen Yu<br>P.O. box 619616<br>MD 5675 |
| Erick P Knoblock<br>eknoblock@daleeke.com | Dallas/Ft. Worth, TX 75261-9616 |

　　　　　　　　　　　　　　　　　/s/  *James E. Carlberg*
　　　　　　　　　　　　　　　　　James E. Carlberg