UNITED STATES BANKRUPTCY COURT
IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 08-03675-BHL-11 |
| ATA AIRLINES, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JLL CONSULTING, INC., | ) | |
| UNSECURED CREDITOR TRUSTEE | ) | Adversary Proceeding No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAMPTON INN TROPICANA LAS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL PAYMENTS**

JLL Consulting, Inc., the Unsecured Creditor Trustee herein, ("Trustee") for the Unsecured Creditor Trust ("Trust"), a successor in interest to the bankruptcy estate of ATA Airlines, Inc. ("ATA" or "Debtor"), pursuant to that order dated March 26, 2009, entitled *Order Confirming First Amended Chapter 11 Plan of the Debtor* [Docket No. 1390], by counsel, brings this *Complaint to Avoid and Recover Preferential Payments* (the "Complaint"), to avoid and recover payments made by ATA to and for the benefit of Hampton Inn Tropicana Las (the "Defendant"), and states as follows:

**Jurisdiction/ Venue/ Parties**

1.　　This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1134(b).

2. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157.

3. This Adversary Proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper pursuant to 28 U.S.C. §1409.

5. This Adversary Proceeding is brought pursuant to 11 U.S.C. §§105, 547 and 550.

6. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

**Background**

7. ATA filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 2, 2008 (the "Petition Date").

8. On March 12, 2009, the Notice of Selection of Unsecured Creditor Trustee [Docket No.1348] was filed, notifying those in interest that JLL Consultants, Inc. had been designated as the Unsecured Creditor Trustee.

9. A Disclosure Statement and Plan was confirmed by the Court on March 26, 2009 (the "Confirmation Date") [Docket No.1390] and the Plan, creating a trust for the unsecured creditors (the "Unsecured Creditors Trust"), became effective on March 31, 2009 (the "Effective Date"), three business days after the Confirmation Date.

**Count I**

10. Paragraphs 1 through 9 above are incorporated herein by reference.

11. According to the Bankruptcy Petition, Schedules, and Statement of Financial Affairs filed by the Debtor, and signed under the penalties of perjury, during the ninety (90) days

prior to the Petition Date (the "Preference Period"), the Debtor transferred the aggregate sum of $61,855.45 for payment of pre-petition invoices (the "Preferential Transfers").

12. Funds for the Preferential Transfers came from the Debtor's accounts and constitute an interest of the Debtor in property. The Preferential Transfers diminished the value of the Debtor's estate by the amount of the Preferential Transfers.

13. The Preferential Transfers were made by the Debtor to or for the benefit of the Defendant as a creditor of the Debtor, for or on account of antecedent debt owed by the Debtor before the Preferential Transfers were made.

14. The Debtor was insolvent at the time of the Preferential Transfers.

15. The Preferential Transfers by the Debtor to the Defendant were made for the benefit of the Defendant and enabled the Defendant to receive more than the Defendant would have received on account of the antecedent debt if this proceeding were a proceeding under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

16. The Unsecured Creditor Trustee may avoid the Preferential Transfers made to the Defendant, pursuant to section 547(b) of the Bankruptcy Code.

17. Pursuant to section 550 of the Bankruptcy Code, the Unsecured Creditor Trustee may recover the value of the Preferential Transfers made to the Defendant.

WHEREFORE, the Unsecured Creditor Trustee is accordingly entitled to judgment against the Defendant avoiding the Preferential Transfers and recovering the value of the Preferential Transfers plus pre-judgment interest, post-judgment interest, and costs of this action.

### Count II

18. Paragraphs 1 through 17, above, are incorporated herein by reference.

19. The Defendant is a transferee as that term is defined in section 550(a) of the Bankruptcy Code.

20. Pursuant to section 550 of the Bankruptcy Code, the Unsecured Creditor Trustee is entitled to recover the Preferential Transfers avoided under section 547 of the Bankruptcy Code.

21. Any transfer avoided by this Court pursuant to section 547 of the Bankruptcy Code is preserved for the benefit of the Debtor's estate with respect to property of the Debtor's bankruptcy estate, pursuant to section 551 of the Bankruptcy Code.

WHEREFORE, the Unsecured Creditor Trustee is accordingly entitled to judgment against the Defendant awarding the Preferential Transfers or their value to the Debtor's estate and preserving such value for the Unsecured Creditor Trustee for the benefit of the Debtor's estate, plus pre-judgment interest, post judgment interest, and costs of this action.

### Count III

22. Paragraphs 1 through 21, above, are incorporated herein by reference.

23. The Defendant is the transferee of the Preferential Transfers.

24. Defendant has or may claim to have a claim or claims against the Debtor's estate.

25. The Unsecured Creditor Trustee objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims, pursuant to section 502(d) of the Bankruptcy Code.

WHEREFORE, the Unsecured Creditor Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until Defendant returns all amounts due to the

estate in this case as provided by section 502(d) of the Bankruptcy Code and any other separately filed objections to such claims are resolved.

### Count IV

26. Paragraphs 1 through 25, above, are incorporated herein by reference.

27. The Defendant received the Preferential Transfers from the Debtor.

28. On or about July 14, 2009 (the "Demand Date"), the Unsecured Creditor Trustee, by counsel, made written demand on the Defendant for the return of the Preferential Transfers. A copy of the demand letter is made a part hereof and attached hereto as <u>Exhibit A</u>.

29. The Defendant did not return the Preferential Transfers to the Unsecured Creditor Trustee.

WHEREFORE, the Unsecured Creditor Trustee is entitled to judgment against the Defendant in the amount of the Preferential Transfers, together with interest at the average of the Federal Reserve Board prime rate from the Demand Date until entry of judgment herein, and thereafter at the rate provided under 28 U.S.C. §1961(a) from the date of entry of judgment until paid, plus costs of this action.

### Relief Requested

WHEREFORE, the Unsecured Creditor Trustee respectfully requests the Court's entry of a judgment in favor of the Unsecured Creditor Trustee, and against the Defendant, as follows:

A. Determining that the Preferential Transfers are avoidable and that the Unsecured Creditor Trustee may recover $61,855.45 from the Defendant under sections 547 and 550 of the Bankruptcy Code;

B. Preserving the Preferential Transfers for the benefit of the Debtor's chapter 11 bankruptcy estate;

C.  Granting to the Unsecured Creditor Trustee an award of pre-judgment interest, costs of this action, together with interest on the judgment at the federal judgment rate;

D.  Disallowing all claims of the Defendant in accordance with section 502(d) of the Bankruptcy Code; and

E.  Granting the Unsecured Creditor Trustee all other relief just and proper in the premises.

        Respectfully Submitted,

        Hostetler & Kowalik, P.C.

By  */s/ Courtney E. Chilcote*
    Jeffrey A. Hokanson
    Courtney E. Chilcote
    Nicolette E. Mendenhall

    *Counsel for JLL Consulting, Inc., Unsecured Creditor Trust*

Jeffrey A. Hokanson
Courtney E. Chilcote
Nicolette E. Mendenhall
Hostetler & Kowalik, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, IN 46204
(317) 262-1001
(317) 262-1010 (fax)
jeff.hokanson@hostetler-kowalik.com
cec@hostetler-kowalik.com
nem@hostetler-kowalik.com

H&K147094v1

**ATA UNSECURED CREDITORS TRUST**

William Kaye, Managing Director
JLL Consultants, Inc., Trustee

Mailing Address: **ATA Unsecured Creditor Trust**
c/o JLL Consultants, Inc.
Preference Program
31 Rose Lane
East Rockaway, NY 11518

Telephone: 410.454.6877
E-mail: ataairlines.preferences@yahoo.com

## BANKRUPTCY PREFERENCE DEMAND – IMMEDIATE ATTENTION REQUIRED

July 14, 2009

Re:  *In re ATA Airlines, Inc.*
     Chapter 11, Bankruptcy Case No. 08-03675-BHL-11

     Payments Received in Preference Period:  **$61,855.45**
     Settlement Offer (80% of Payments):      **$49,484.36**

Dear Sir or Madam:

On April 2, 2008 (the "*Petition Date*"), ATA Airlines, Inc. (the "*Debtor*") commenced a case under Chapter 11 of the United States Bankruptcy Code (the "*Chapter 11 Case*") in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "*Bankruptcy Court*"). On March 26, 2009, the Bankruptcy Court entered its Order Confirming First Amended Chapter 11 Plan of the Debtor (the "*Plan*") with an Effective Date of March 31, 2009.

Section 547 and 550 of the Bankruptcy Code empowers a debtor or a trustee to recover payments made to creditors during the 90-day period prior to a debtor's bankruptcy filing, as such payments are deemed to be "preferential payments." The purpose of this "preference" section is to facilitate the bankruptcy policy of equality of distribution among creditors of a debtor. Pursuant to the Plan, ATA Unsecured Creditor Trust (the "*Trust*") was vested with authority to recover preference payments from creditors.

The Trust has reviewed the potential preference claims involving your company. According to the Debtors' records, **Hampton Inn Tropicana Las** received approximately **$61,855.45** during the 90-day preference period. A summary of all relevant payments received by Hampton Inn Tropicana Las is enclosed.

In an effort to quickly and amicably resolve the claim against your company without the need for litigation, the Trust offers to accept payment from Hampton Inn Tropicana Las in the amount of **$49,484.36** (the "*Settlement Amount*"), representing 80% of the amount your company received, which payment will result in the satisfaction of all preference claims against your company. Please note that upon payment of this Settlement Amount, your company will not be granted a claim in this Bankruptcy Case for this amount paid, nor will any other claims your company has be affected.

To accept this settlement offer, the Trust must receive your company's payment of the Settlement Amount (in immediately available U.S. funds) along with an executed copy of the enclosed "Settlement Offer and Agreement Form" at the address below no later than the close of business on July 31, 2009. Please make your check payable to "ATA Unsecured Creditor Trust" and mail it to the following address:

> ATA Unsecured Creditor Trust
> c/o JLL Consultants, Inc. Preference Program
> 31 Rose Lane
> East Rockaway, NY 11518

EXHIBIT A

**ATA Unsecured Creditor Trust Preference Program**                              July 14, 2009
                                                                                  Page 2

If the Trust's settlement offer is not timely and properly accepted, this settlement offer will be automatically withdrawn, and the Trust will be forced to initiate legal action in the Bankruptcy Court to recover, among other things, the full value of the preference claim against your company, plus interest at the highest applicable rate allowed under the Bankruptcy Code, plus any other amounts available under the law. In addition, if your company filed a claim in the Chapter 11 Cases, your company's claim may not be eligible to receive any distribution made to unsecured creditors under the Plan unless the preference claim against your company is resolved. Therefore, please recognize this settlement proposal as your company's opportunity to get this matter resolved at a discount and without having to incur your own legal costs.

This confidential letter is provided for settlement purposes only and, as such, any statements contained herein are inadmissible pursuant to Federal Rule of Evidence 408. Nothing contained herein should be construed as an admission of fact or law by the Trust or the Debtor. To the extent that we determine that additional preferential payments not yet considered or discovered were received by you during the ninety (90) day preference period, the Trust expressly reserves all rights with regard thereto at this time.

If you have any questions regarding this demand, you may contact us by phone at 410.454.6877 or by email to ataairlines.preferences@yahoo.com. Additionally, if you have an attorney, you may direct this letter to him or her and provide the undersigned with his or her contact information.

We hope that once you have reviewed these materials, you will take advantage of this opportunity to resolve this matter for a discounted amount without the need and expense of further collection efforts or litigation. We invite your questions and responses, and thank you in advance for your cooperation.

                                            Very truly yours,
                                            **ATA Unsecured Creditor Trust**

                                            *[signature: William Kaye]*

                                            William Kaye, Managing Director
                                            JLL Consultants, Inc., Trustee

Enclosures

EXHIBIT A

IN RE ATA AIRLINES, INC.

Chapter 11, Bankruptcy Case No. 08-03675-BHL-11
United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division

## SETTLEMENT OFFER AND ACCEPTANCE FORM

**Hampton Inn Tropicana Las** ("*Vendor*") has read the letter and enclosures sent on behalf of the ATA Unsecured Creditor Trust with this Settlement Offer and Acceptance Form (the "*Demand Letter*"), which reflect that Vendor received payment(s) in the amount of **$61,855.45** (the "*Payment Amount*") during the 90-day preference period from the debtor in the above-captioned chapter 11 case (the "*Debtor*").

### Settlement Offer

The ATA Unsecured Creditor Trust herein offers to settle its preference claims against Vendor for **$49,484.36** (the "*Settlement Payment*"), which is an amount equal to 80% of the Payment Amount. This Settlement Offer requires that payment of the Settlement Amount be received by the Trust referenced below no later than July 31, 2009.

### Acceptance of Settlement Offer

Having considered the Settlement Offer and its rights and liabilities, Vendor hereby accepts the ATA Unsecured Creditor Trust's offer to settle its preference claims on the terms set forth above and herein encloses a check payable to "ATA Unsecured Creditor Trust" in the amount of the Settlement Payment. Vendor hereby waives any and all rights to assert a claim against the Debtor for the amount of the Settlement Offer. Any existing claim Vendor may have shall be unaffected by this settlement.

### Mutual Release

In consideration for the receipt of the Settlement Payment in good funds, the Debtor and Vendor hereby release and discharge each other of and from any and all claims and causes of action against each other related to, or arising from, any payments received by Vendor during the 90-day preference period, including the payments referenced in the Demand Letter, the collection of any such payments to Vendor, or the payment by Vendor of the Settlement Payment.

Executed on this _____ day of _____, 2009.

**Hampton Inn Tropicana Las**

By: _____   Its: _____

Telephone No.: _____

**Return with check or money order for $49,484.36 to "ATA Unsecured Creditor Trust"**

Mail To:   **ATA Unsecured Creditor Trust**
           **c/o JLL Consultants, Inc.**
           **31 Rose Lane**
           **East Rockaway, NY  11518**

EXHIBIT A

## ATA Airlines, Inc.
## Payment Listing for Hampton Inn Tropicana Las

| Check Number/Wire | Clear Date | Payment Amount |
|---|---|---|
| 2069666 | 1/14/2008 | $2,245.40 |
| 2070309 | 2/4/2008 | $27,077.59 |
| 2071268 | 3/3/2008 | $28,940.87 |
| 2071555 | 3/17/2008 | $3,591.59 |
| 4 Payment(s) Paid to Hampton Inn Tropicana Las | | $61,855.45 |

EXHIBIT A