SO ORDERED: October 04, 2010.



*Basil H. Lorch III* (signature)

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ATA AIRLINES, INC., | ) | Case No. 08-03675-BHL-11 |
| | ) | |
| Debtor. | ) | |

### ORDER AND MEMORANDUM

This matter comes before the Court on Plan Trustee's **Notice of Intent to Reassert Debtor's Objection to Proofs of Claim Filed by the Counties of Alameda, Los Angeles and San Bernardino, California and Motion Pursuant to 11 U.S.C. §§ 105(a) and 505(a) for the Determination of Tax Liability as to Alameda, Los Angeles and San Bernardino Counties** filed on April 8, 2010. This matter was fully briefed on July 27, 2010. A hearing was held on the matter on August 3, 2010.

For the reasons set forth in the Memorandum below, the Court, having considered the relevant pleadings and applicable case law, and being otherwise fully and sufficiently advised, finds that Debtor's

Objection to the Proofs of Claim should be and hereby is OVERRULED.

IT IS HEREBY ORDERED that the Proofs of Claim filed by the Counties of Alameda, Los Angeles and San Bernardino, California are ALLOWED AS FILED.

## MEMORANDUM

### Background

Debtor operated an airline with both scheduled and chartered flights. Debtor filed a Chapter 11 bankruptcy petition on April 2, 2008 (the "Petition Date"). The California Counties of Alameda, Los Angeles, and San Bernardino (the "Counties") filed proofs of claim in the Debtor's case for property taxes arising from the presence of Debtor's aircraft in the Counties for the fiscal year July 1, 2008 through June 30, 2009 (the "Tax Year"). On February 27, 2009, Debtor filed an Objection to the Counties' proofs of claim because Debtor ceased operations prior to the Tax Year having returned nearly all of its aircraft[1] by May 15, 2008, prior to the commencement of the Tax Year. (Doc. # 1306). The Counties each timely filed a Response. (Doc. # 1481, Doc. # 1485, and Doc. # 1487). Debtor filed a Reply. (Doc. # 1511). On June 3, 2009, the Court held a hearing on the Motion to Determine Tax Liability. It was brought to the Court's attention at that hearing that Debtor was appealing the tax determination of Alameda County to the Alameda County Assessment Appeals Board and that the appeal had been set for a hearing. The Court entered an Order on June 9, 2009 denying Debtor's Motion without prejudice to reassert after the Alameda County Assessment Appeals Board hearing

---

[1] Debtor claims that it had no aircraft present in either Alameda County or Los Angeles County during the Tax Year. Debtor claims that the actual value of aircraft present in San Bernardino County during the Tax Year was $1,500,354.

2

date. (Doc. # 1525). Plan Trustee filed the Notice of Intent to Reassert Debtor's Objection on April 8, 2010. (Doc. # 1878).

Jurisdiction

Pursuant to 28 U.S.C. § 1334(b), the district court has original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Pursuant to 28 U.S.C. § 157, this Court can hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. Debtor's objection to the Counties' proofs of claim is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A),(B),(K), and (O).

11 U.S.C. § 505(a) sets forth the Court's power to determine tax liability:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>   (2) The court may not so determine —
>     (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;
>     ...
>     (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired.

Debtor filed bankruptcy on April 2, 2008. None of the tax obligations to the Counties had been "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case," therefore, § 505(a)(2)(A)[2] does not apply in this matter.

---

[2] Hereinafter, all citations to the United States Code will reference Title 11, the Bankruptcy Code, unless otherwise stated.

3

Section 505(a)(2)(C), however, limits bankruptcy courts' jurisdiction to determine ad valorem taxes in cases where the applicable period for contesting or redetermining the ad valorem tax has yet to expire under nonbankruptcy law, depending on the specific facts of the case.

The phrasing of § 505(a)(2)(C) is ambiguous because it does not give a relevant date to determine if the "applicable period for contesting or redetermining ... *has expired*." (emphasis added) The "has expired" date could be the commencement of the case, the date of the motion seeking the bankruptcy court's tax determination, the hearing date, or perhaps some other date. Although it may be natural to assume "has expired" refers to the commencement of the case; that interpretation is inconsistent with the principle of statutory construction that new language should be read in such a way as not to render existing language surplusage. In re The Village at Oakwell Farms, Ltd., 428 B.R. 372, 379 (Bankr. W.D. Tex. 2010). Section 505(a)(2)(A) already bars redetermination when the amount or legality of the tax has previously been established with finality before the commencement of the case. Id. It is therefore more logical that § 505(a)(2)(C) bars a bankruptcy court from redetermining tax liability for an ad valorem tax if the applicable period for contesting or redetermining the amount of the tax under nonbankruptcy law has expired before the motion to determine tax liability is brought before the bankruptcy court when the Debtor has not taken action to contest the tax assessment.

In this case, the relevant tax is the ad velorem tax set forth in Cal. Rev. & Tax. Code §§ 1150-1156. Under California law, the applicable period for contesting or redetermining Debtor's tax assessment for the Tax Year ended September 15, 2008 for Alameda County and ended November 30, 2008 for San Bernardino and Los Angeles Counties. According to the pleadings, ATA Airlines filed an application for reduction in assessment for the Tax Year for Alameda County. (Response of

4

Creditor Alameda County, Doc. # 1481, Ex. 1, Ward Declaration ¶ 17); (Debtor's Objection to the Proofs of Claim, Doc. # 1306, ¶ 15). Los Angeles County also acknowledges that Debtor sought a timely appeal. (Response of Creditor Los Angeles County, Doc. # 1485, ¶ 27). Regarding the tax assessment in San Bernardino County, there is some confusion. Debtor claimed to have appealed the tax assessment on Parcel ID Number 0459-041-14-P-073. (Debtor's Objection to the Proofs of Claim, Doc. #1306, ¶ 19). San Bernardino County claims that no appeal was timely filed on parcels 0113 261 18 P090 and 0133 291 01 W031. (Response of San Bernardino County, Doc. # 1487, ¶ 4). According to the records of the San Bernardino County, Debtor timely filed appeal 2008 010 27 on August 22, 2008. Accordingly, § 505(a)(2)(C) does not apply as a bar to this Court hearing the issue as it pertains to any of the Counties. This Court has jurisdiction to determine Debtor's tax liability to the Counties pursuant to § 505.

### Request for Absention

The Counties have each filed pleadings requesting that this Court exercise its discretion under 28 U.S.C. § 1334(c)(1) and §505(a)(1) to abstain from hearing the matter. Los Angeles County submits that "Courts have regularly abstained from determining the amount of any tax pursuant to Section 505(a)(1) of the Bankruptcy Code." (Response of Creditor Los Angeles County Treasurer-Tax Collector, Doc. #1485, ¶ 15). San Bernardino County urges this Court to abstain from determining Debtor's tax liability to the Counties based on the six factors set forth in In re St. John's Nursing Home, Inc., 154 B.R. 117 (Bankr. D. Mass. 1993).[3] (Response to Objection to Claims of County of San

---

[3] The six factors used by the court in St. John's were: 1) the complexity of the tax issue to be decided; 2) the need to administrate the bankruptcy case; 3) the burden on the [bankruptcy] court's

5

Bernardino County, Doc. # 1487, p.3) Alameda County proposes that principals of federalism and comity weigh heavily in favor of this Court abstaining from addressing the matter.[4] (Response of Creditor Alameda County Treasurer-Tax Collector, Doc. #1481, ¶ 16).

Congress intended to vest the bankruptcy court with a fairly broad jurisdictional grant under § 505(a). *See generally,* H.R. Rep. 595, 95th Cong., 1st Sess. 356(1977). The provision dictates that a bankruptcy court "may" determine tax liabilities, indicating that the court has discretion to hear the matter or to abstain. The arguments offered by the Counties would suggest that only in the rare case should the bankruptcy court exercise its jurisdiction and hear a state tax matter, e.g., where the taxing authority's actions were arbitrary and capricious. If abstention is appropriate for all other challenges to a proof of claim filed by a taxing authority then § 505 is rendered impotent.

"[F]ederal courts should be sparing in the exercise of discretionary abstention." In re Metromedia Fiber Network, Inc., 299 B.R. 251, 288 (Bankr. S.D.N.Y. 2003). The Court takes note of the risk of inconsistent verdicts if Debtor litigated its objection to the taxes assessed by each of the three Counties at the county level. There is a risk of prejudice to creditors in that like situated creditors would not be treated alike. It is in the interest of all parties to have this issue swiftly determined so as not to hinder the liquidating trust from administering the bankruptcy estate. The issue before the court, namely, whether the representative period used to determine Debtor's tax liability should be modified, is not a complex issue. Based on the facts of this case, the Court will exercise its discretionary

---

docket; 4) the length of time required for trial and decision; 5) asset and liability structure of the debtor; and 6) any prejudice or potential prejudice to taxing authority.

[4]Citing Florida Dept. Of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33 (2008).

6

jurisdiction to decide the matter.

Analysis

In California, property tax for certificated aircraft having a tax situs in multiple jurisdictions is governed by Cal. Rev. & Tax. Code §§ 1150-1156. Certificated aircraft are taxed based on the amount of time they are deemed to be situated in California, that is, to the extent that the aircraft "are normally physically present within the state." An allocation formula is utilized by assessors to determine the value for assessment. Section 1153 of the Cal. Rev. & Tax. Code allows the California Board of Equalization (the "BOE") to designate a representative period to be used by the assessors in assessing the aircraft. The sole issue before the Court is whether this designated representative period for the Tax Year should be changed with respect to Debtor in light of its bankruptcy and cessation of business.

Pursuant to California law, property tax fixes on the lien date preceding the fiscal year for which the tax is due. Cal. Rev. & Tax. Code §§ 401.3, 2192. Relevant to this case are the January 1, 2008 lien date for the Tax Year, the fiscal year July 1, 2008 - June 30, 2009 and the designated representative period for the Tax Year of 12:01 a.m. on Sunday, January 20, 2008 through midnight on Saturday, January 26, 2008 (the "Designated Representative Period").

Debtor requests that this Court determine that the Designated Representative Period is not representative of Debtor's actual activity within California during the Tax Year and select a different representative period which more accurately reflects Debtor's liquidation and cessation of operations. Debtor relies on <u>County of Alameda v. State Board of Equalization</u>, 131 Cal.App.3d 374 (Cal. Ct. App. 1982) to support Debtor's contention that "this Court should determine that there is no representative period from which any tax can be assessed by the Counties against ATA." (Debtor's

7

Objection, Doc. # 1306, ¶ 32).

The Counties counter that the obligation to pay California property tax fixes on the lien date preceding the assessment year for which the tax is due. Debtor was in business and operating aircraft on the lien date, therefore, the taxes accrued to the Debtor. The Counties argue that under the California property tax system, the taxpayer is liable for the taxes on the property he/she/it owns on the lien date even if the taxpayer no longer owns, controls, or possesses the property during the subsequent tax year in which the tax is due or if the taxpayer no longer has a presence in California.

The use of a representative period for tax assessment is not at issue in this case. It is constitutionally adequate to tax air carriers based on the reasonably expected average activity of the carrier. "The purpose of a representative period is to obtain air carrier operational data, for as brief a time span as possible, that can reasonably be expected to reflect the average activity of the carrier for the ensuing tax year." The Assessor's Handbook 570, Commercial Aircraft Value Allocation, p. 8. The question in this case, rather, is under what circumstances can and should that representative period be altered.

An examination of the case, County of Alameda v. State Board of Equalization is instructive. The facts in County of Alameda were as follows: the BOE established a representative period for tax year July 1980-June 1981 of the period March 1, 1979 to February 29, 1980. The BOE modified the designated representative period for DC-10 aircraft grounded because of the suspension of the DC-10's airworthiness certificate following the Chicago air disaster and aircraft that were grounded during a general employees' strike. For these grounded aircraft, the BOE excluded the days the aircraft were grounded by the government and by the strike from the representative period and substituted a like

8

number of days from the period before March 1, 1979. County of Alameda, 131 Cal. App.3d at 378. The court in County of Alameda found that "the Legislature's intent to tax aircraft 'only to the extent they are normally present within the state' reasonably implies a power in the [BOE] to substitute periods of atypical and abnormal aircraft activity with equivalent periods of normal aircraft activity." Id. at 383.

County of Alameda informs us that a representative period can be altered to replace periods of atypical and abnormal aircraft activity with equivalent periods of normal aircraft activity. According to the County of Alameda court, forced grounding time necessitated by governmental intervention and employee strikes are clearly atypical and abnormal activity but voluntary grounding time for repair, maintenance, or lack of passengers is not atypical or abnormal activity. In County of Alameda, the representative period was altered because these intervening events took place during the prescribed representative period which caused the representative period to be a bad sample of normal aircraft activity. In the case at bar, Debtor has not alleged any intervening events took place during the Designated Representative Period to make it a bad sample of Debtor's normal aircraft activity. There were no strikes, no groundings, no Acts of God which interfered with Debtor's aircraft activity during the Designated Representative Period. In short, the tax assessors got a good sample of normal activity. The holding of County of Alameda does not apply in cases where the purported abnormal or atypical activity occurs outside of the representative period.

Debtor argues that cessation of operations and return/sale of the aircraft four to five months after the Designated Representative Period constitute atypical or abnormal aircraft activity so as to warrant a substitution of the entire representative period. Debtor leased and owned aircraft for which it

9

was taxed under California law. After the lien date and after the Designated Representative Period passed, Debtor ceased operating, returned the leased planes to the lessors, and sold the planes it owned. Each of the relevant tax bills references the possible sale or disposal of the property by the Debtor. The Los Angeles Tax Bill includes a notice that "SALE OR DISPOSAL OF THIS PROPERTY AFTER JANUARY 1, 2008 DOES NOT RELIEVE THE ASSESSEE OF THIS TAX." (L.A. County Treasurer and Tax Collector Proof of Claim, Debtor's Ex. 1, p. 3). Alameda County's tax bill provides, "Ownership of property on the January 1 lien date preceding the fiscal year for which the property is taxed determines the obligation to pay taxes, the disposal of property after the lien date does not relieve the assessee from the liability for payment of taxes." (Alameda County Tax Collector, Debtor's Ex. 2, p. 2). Debtor's tax bill for San Bernardino County reads, "OWNERSHIP ON THE LIEN DATE DETERMINES OBLIGATION TO PAY TAXES The removal or disposal of property after the lien date (January 1) does not relieve the assessee of his tax liability for the ensuing year." (Debtor's Ex. 5). This Court holds that ordinary business events, including the sale of property or the return of leased property, are not what is contemplated by "atypical or abnormal aircraft activity."

## Conclusion

California property taxes are determined by ownership of property on the lien date (January 1) for the next tax year. Ad valorum taxes for mobile personal property, such as certificated aircraft, are assessed based on a formula which incorporates the use of a representative period. Sale or disposal of property after the conclusion of the representative period does not affect the property owner's tax liability for ensuing tax year.

10

This Court finds that there is no cause to alter the representative period used to determine Debtor's tax liability as set forth in the Counties' proofs of claim. Therefore, the Counties' proofs of claim are allowed as filed. Debtor's Objection to the Counties' Proofs of Claim is OVERRULED.

###